# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WENDY LEE SULDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   17 cv 2350 |
| | ) | |
| shippingquest.com LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE ANSWER OF THIRD PARTY CITATION RESPONDENT, TURNOVER OF FUNDS AND RULING ON THOMAS S. DOLNEY'S MOTION TO APPEAR *PRO HAC VICE*

Now Comes the Plaintiff, Wendy Lee Sulda, by and through one of her attorneys, Charles E. McElvenny, and in support of Plaintiff's Motion for Judgment on the Answer of Third Party Citation Respondent JPMorgan Chase Bank, N.A., for Turnover of Funds and for Ruling on Thomas S. Dolney's Motion to Appear p*ro hac vice*, states as follows:

1. On March 26, 2019, Judgment was entered in this Court in favor of the Plaintiff, Wendy Lee Sulda and against joined Defendants David Galapo, Drive New LLC and Terminal Logistics LLC in the total amount of $100,000 plus attorney's fees and costs.  See Exhibit A [Docket Number 231]. Since the date of the Judgment and service of the Third Party Citation to Discover Assets, Plaintiff has not collected any money. There is now due the sum  of $100,000 plus attorney's fees and costs.

2. A Citation to Discover Assets to a Third Party was served on JPMorgan Chase Bank, N.A. on April 5, 2019. See Citation attached as Exhibit B.

3.      JPMorgan Chase Bank, N.A. served its Answer to the Third Part Citation on April 18, 2019 [Docket Number 240] indicating that JPMorgan Chase Bank, N.A. is in possession of non-exempt funds belonging to Defendant David Galapo. More specifically, JPMorgan Chase Bank, N.A.'s Answer identifies a Safe Deposit Box #2801 located at Emerald Hills 5545 Sheridan St. Hollywood, Florida 33021, as withheld assets belonging to David Galapo. See JPMorgan Chase Bank, N.A.'s Answer attached hereto as Exhibit C.

4.      Supplementary proceedings to enforce a judgment are governed by Federal Rule of Civil Procedure 69(a)which provides that a district court is to use state procedure governing the execution of any such judgment. Fed. R. Civ. P. 69(a).

5.      Section 5/2-1402 of the Illinois Code of Civil Procedure provides that when assets of a judgment debtor not exempt from the satisfaction of a judgment are discovered, a court may enter an order or judgment compelling the person cited to deliver said assets. 735 ILCS 5/2-1402.

6.      As such, the Plaintiff is entitled to the non-exempt property of Defendant David Galapo, the Judgment Debtor, in partial satisfaction of the Judgment Balance remaining due.

7.      On April 3, 2019, Plaintiff's counsel in Florida Thomas S. Dolney filed his motion to appear *pro hac vice* on behalf of Plaintiff Wendy Lee Sulda. See motion [Docket 232] attached hereto as Exhibit D.

8.      This Honorable Court has not yet ruled on Thomas S. Dolney's motion to appear *pro hac vice.*

WHEREFORE, Plaintiff Wendy Lee Sulda respectfully requests that this Court enter a Judgment on its Third Party Citation and order Third Party Citation Respondent, JPMorgan Chase Bank, N.A., to turnover to Plaintiff in partial satisfaction of the judgment, the property of judgment debtor David Galapo in the form of the contents of the JPMorgan Chase Bank, N.A Safe Deposit Box identified as #2801 located at Emerald Hills 5545 Sheridan St. Hollywood, Florida 33021, to rule on Thomas S. Dolney's Motion for Appear *pro hac vice,* to designate Charles E. McElvenny as Local Rule 83.15(a) attorney for receipt of service on behalf of Mr. Dolney and for such other relief that this Court deems just and proper.

Respectfully Submitted:<br>
/s/ Charles E. McElvenny<br>
Charles E. McElvenny

Charles E. McElvenny
Law Office of Charles E. McElvenny
120 N. LaSalle Street
Suite 1200
Chicago, Illinois 60602
312-291-8330