UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY LEE SULDA,<br><br>                Plaintiff,<br><br>   v.<br><br>SHIPPINGQUEST.COM LLC, et al.,<br><br>                Defendants. | No. 17 CV 2350<br><br>Judge Manish S. Shah |

## ORDER

Plaintiff's motions to join Shimon Galapo and Diplomat Hallandale LLC, [190], and for a temporary restraining order, [249], are denied. The motion for sanctions, [250], is granted in part. Shimon Galapo is ordered to pay plaintiff's reasonable expenses, including attorney's fees, caused by his failure to appear for his deposition. Plaintiff shall file a petition listing those expenses by September 9, 2019. Shimon Galapo may respond by September 23, 2019. Any reply may be filed by October 7, 2019. The court will enter a ruling setting the amount of awarded expenses against Shimon Galapo by cm/ecf.

## STATEMENT

I granted plaintiff Wendy Sulda's motion for entry of default against the original defendants and entered final judgment in the amount of $100,000, along with permanent injunctive relief, attorney's fees, and costs. Sulda has not been able to collect on that judgment. I granted her motion to join nonparties Drive New, LLC, Terminal Logistics, LLC, and David Galapo under Fed. R. Civ. P. 25(c), noting they forfeited any objection to being named as defendants, and granted her motion to set aside a fraudulent transfer of $19,600 from defendant Winston Vogel to Drive New. I denied Sulda's motion to join Stav Ben Haim and BHS Logistics and entered and continued the motion as to Shimon Galapo (David's father) and Diplomat Hallandale, LLC.

Sulda argues that now-joined defendant Terminal Logistics is an alter ego of Shimon Galapo and that the corporate veil should be pierced to join Shimon as a successor in interest. Rule 25(c) provides, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders

the transferee to be substituted in the action or joined with the original party." The rule "relies on other substantive law to define 'interest.'" *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 357 (7th Cir. 2014). A successor is "one who succeeds or takes the place of another." *Panther Pumps & Equip. Co., Inc. v. Hydrocraft, Inc.*, 566 F.2d 8, 24 (7th Cir. 1977) (quoting *Wawak Co. v. Kaiser*, 90 F.2d 694, 697 (7th Cir. 1937)). A corporation that purchases the assets of another corporation does not generally assume its obligations. *Panther Pumps*, 566 F.2d at 24. But certain exceptions to that rule exist, including when "the purchasing corporation is merely a continuation of the selling corporation" (i.e., if it is an alter ego) or when "the transaction is entered into fraudulently to escape liability." *Id.* (quoting *Forest Laboratories, Inc. v. Pillsbury Co.*, 452 F.2d 621 (7th Cir. 1971)).

When I joined Terminal Logistics as a defendant to the judgment, I effectively found that it was an alter ego of the original defendants. Sulda argues that Terminal Logistics is also an alter ego of Shimon Galapo. Florida state law governs this inquiry. *See On Command Video Corp. v. Roti*, 705 F.3d 267, 272 (7th Cir. 2013) ("[V]eil-piercing claims are governed by the law of the state of the corporation whose veil is sought to be pierced."). In Florida, "the corporate veil will not be pierced absent a showing of improper conduct." *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1121 (1984). David Galapo is the sole owner and registered agent of Terminal Logistics. Shimon Galapo helped manage the entity—he opened its bank account and completed a signature card for the account, holding himself out as its manager. But there is no indication he was a shareholder. Terminal Logistics's bank account received payments from a company called Shipping Quest (Shimon asserts this is Panamanian company, unrelated to this litigation) and that funds were transferred from the account to Shimon—directly to his personal account, to Diplomat Hallandale, and via other accounts. Sulda says that Shimon received at least 22% of the total deposits flowing through the account between April and September 2018 and that he used the account for personal expenses. *See* [182] at 9–15.\* But simply receiving money is not enough to establish that Shimon and Terminal Logistics are alter egos or that Shimon engaged in improper conduct that justifies piercing the veil to a non-shareholder. Indeed, it is questionable whether Florida law ever permits piercing the corporate veil to reach a non-shareholder's assets. *See Mollinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1351 (11th Cir. 2011) (predicting that the Florida Supreme Court would not pierce the corporate veil to reach a non-shareholding director's assets). Even if it does, the circumstances here do not warrant that result. *See Hilton Oil Transport v. Oil Transport Co., S.A.*, 659 So.2d 1141, 1152 (3d Dist. 1995) (noting that a lack of corporate formalities, inadequate capitalization, and informal transactions were, at worst, evidence of a poorly managed, private, closely held corporation and did not warrant disregarding the

---

\* Bracketed numbers refer to entries on the district court docket.

corporate entity). Shimon Galapo assisted his son and benefited from the company, but this is far afield from the interest at issue in this litigation (liability for tortious conduct toward Sulda). The Galapos did not run Terminal Logistics with the formalities of a large corporation, but that is not enough to demonstrate that it was an alter ego of Shimon.

Shimon was the sole member and manager of Diplomat Hallandale, which had no clients or customers. [238] at 29. Diplomat Hallandale's only asset was Shimon's home and he dissolved the LLC on February 14, 2019. *See* [226] at 12–17. But because Shimon is not an alter ego of Terminal Logistics, there is no connection between Diplomat Hallandale and defendants that warrants joinder.

Because Shimon Galapo and Diplomat Hallandale are not joined as defendants, Sulda's motion for a temporary restraining order against them is moot. Though I noted the possibility that failure to comply with discovery orders could result in sanctions including joinder as party defendants, *see* [212], I conclude that joinder is too severe a sanction for Shimon's and Diplomat Hallandale's discovery violations. Shimon provided some discovery responses and Sulda was able to marshal evidence to make her points. On the other hand, Shimon dragged things out and refused to appear for his deposition. He must pay plaintiff's reasonable expenses, including attorney's fees, caused by his failure to appear for his deposition. Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff has pursued many leads to collect her judgment and lodges many accusations of nefarious conduct by the Galapos and others. But ultimately, the present inquiry is a narrow one. It is not about whether the Galapos are unseemly or generally untrustworthy. The question is whether Shimon Galapo and Diplomat Hallandale are the alter egos of a defendant such that they are liable on the judgment. They are not—they are too far removed and there is insufficient evidence of improper conduct to justify piercing the corporate veil.

ENTER:

Date:   August 26, 2019

_____

Manish S. Shah
U.S. District Judge